# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAMAL K. PATEL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-0200 (RWR) |
| | ) | |
| BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' CONSOLIDATED OPPOSITION TO MOTIONS TO INTERVENE UNDER RULE 20 AND MOTIONS TO JOIN UNDER RULE 20

Forty-eight inmates, all proceeding *pro se*, have moved under Federal Rule of Civil Procedure 20 to "intervene" or "join" in this case against Defendants, the Bureau of Prisons ("BOP") and Thomas R. Kane,[1] Acting Director of the BOP. Forty-four of the motions are labeled as "Motions to Intervene under Rule 20" and four others are styled as "Motions to Join under Rule 20." *See* ECF Nos. 14-19, 22, 26, 33-34, 48, 64. Irrespective of the label, every one of the motions to intervene and motions to join should be denied. The plaintiffs in this action have brought a host of claims under the Fifth Amendment to the United States Constitution, the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, the Privacy Act of 1974, 5 U.S.C. § 552a(e)(7), and the Freedom of Information Act, 5 U.S.C. § 552, with certain of the claims raised by only one of the plaintiffs. If construed as motions for

---

[1]   The named Defendants are the Federal Bureau of Prisons and Harley G. Lappin, former Director of the Bureau of Prisons. By operation of Federal Rule of Civil Procedure 25(d), Thomas R. Kane has been named Acting Director of the Bureau of Prisons and is substituted for Mr. Lappin on all claims against Mr. Lappin in his official capacity.

permissive joinder under Rule 20, the motions to intervene and/or the motions to join fail because such a request cannot be made by non-parties.  If construed as motions to intervene under Federal Rule of Civil Procedure 24, the motions to intervene and/or the motions to join should also be denied because they do not provide subject matter jurisdiction for the Court to hear their claims, and intervention in any event would create undue delay and prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.      Background of Plaintiffs' Complaint**

On February 2, 2009, Plaintiff Kamal Patel commenced this action *pro se* against the BOP and its then-Director, Harley Lappin, in his official capacity, seeking injunctive and declaratory relief.  ECF No. 1.  Patel subsequently filed a First Amended Complaint on June 8, 2009, and added Dale Brown as a co-plaintiff.  ECF No. 6.  Plaintiffs next sought leave to file a Second Amended Complaint on August 10, 2009, and moved for a preliminary injunction on February 12, 2010.  ECF Nos. 8, 27.  By Minute Order dated September 1, 2009, the Court granted Plaintiffs' motion for leave to file a Second Amended Complaint and Patel's motion for appointed counsel.  ECF No. 13.  Williams & Connolly LLP entered appearances on behalf of Patel and Brown in April 2010 and June 2010, respectively.  ECF Nos. 45, 52-54, 59-62.

By agreement of the parties and Order of the Court, Plaintiffs' motion for preliminary injunction was deemed withdrawn and Plaintiffs were directed to file a Third Amended Complaint on July 12, 2010.  ECF No. 65.  In Plaintiffs' Third Amended Complaint, Counts 1 through 7 alleged violations of the Fifth Amendment to the United States Constitution, the Eighth Amendment to the United States Constitution, the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, arising out of the BOP's confinement

of Federal prisoners in privately run and operated facilities, placement of alien prisoners in private facilities, treatment of prisoners in private facilities, and various conditions of confinement. *See* Third Amended Complaint ("TAC") ¶¶ 163-214. Count 8 alleged that the BOP violated the rights of Patel under the Privacy Act of 1974, 5 U.S.C. § 552a(e)(7), by maintaining a memorandum in his file regarding a correspondence he sent to the *Dallas Morning News* in 2004. *See id.* ¶¶ 215-226. Finally, Counts 9 through 11 challenge the BOP's response to various Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests that Patel purportedly submitted. *See id.* ¶¶ 227-244. Thereafter, Defendants renewed their Motion to Dismiss or, in the Alternative, for Summary Judgment seeking dismissal of all claims raised in Plaintiffs' Third Amended Complaint. *See* ECF No. 68. The parties completed briefing on January 26, 2011. *See* ECF No. 76.

## II.   Numerous Inmates Seek to Be Added As Plaintiffs

Since the filing of Plaintiffs' First Amended Complaint, numerous inmates have sought to be added as plaintiffs in this case through the filing of forty-four similarly worded "Motion to Intervene under Rule 20" between October 8, 2009 and January 27, 2010:

• Motion to Intervene by Gerardo Tobon on October 8, 2009, ECF No. 14

• Motion to Intervene by Orlando Gonzales on October 26, 2009, ECF No. 15

• Motion to Intervene by Jose Aguirre, Ali Alghazali, Fernando Aloma, Gustavo Viva Betancur, Jesus Bruzon-Gonzales, Carlos Carabali Garces, Alvaro Chavez, Donovan Diaz, Fernando Erazo, Simon Flores, Dennis Fowling, Abdon Fulvio, Basilio Gomez Arias, Milton Gongora, Luis Hernandez, Claudio Howard, Patrick Howell, Phillip Irving, Michael Jackson, Charles Jacques, Emecio Levingston, Donald Levingston, Oral Malcom, Justo McLaughlin, Junior McLeod, Elmer Mora, Antonio Ramirez, Christian Ramirez, Garth Savage, Lascelles Somie, Amado Sosa-Dominguez, Edison Torres, Jhon Vallecilla, Valdemar Vallecilla, Roger Watson, Gary Williams, and Lynval Wright on November 2, 2009, ECF No. 16;

• Motion to Intervene by Starling Mendez-Reyes on November 20, 2009, ECF No. 17;

• Motion to Intervene by Roberto Arellano on November 23, 2009, ECF No. 18;

- Motion to Intervene by Rafael A. Batista on November 27, 2009, ECF No. 19;

- Motion to Intervene by Jairo Juarez Gomez on December 7, 2009, ECF No. 22; and

- Motion to Intervene by Pedro Gomez on January 27, 2010, ECF No. 26.

Each movant asserted that he is either a non-U.S. citizen, *see* ECF Nos. 16, 26, or a legal permanent resident, *see, e.g.*, ECF Nos. 14, 15, 16, 17, 18, 19, 22. Each movant further alleged that he was an inmate at Rivers Correctional Institution who "is subjected to, and affected by the same unconstitutional policies which is [sic] the subject of this action." *See* ECF Nos. 14-19, 22, 26. Additionally, each movant alleged that he has been designated to Rivers based on his nationality, and that "[t]he facts related to the Intervening Plaintiff concern the same issues of facts and law that is [sic] common to, and brought forth by the Lead Plaintiffs in this action." *See* ECF Nos. 14-19, 22, 26.

Subsequently, four other inmates filed motions styled as "Motions to Join under Rule 20" between March 1, 2010 and June 28, 2010:

- Motion to Join by Giovanni Gayle on March 1, 2010, ECF No. 33;

- Motion to Join by Errol McKenzie on March 1, 2010, ECF No. 34;

- Motion to Join by Robert Clarke on April 13, 2010, ECF No. 48; and

- Motion to Join by Mirard Laurent on June 28, 2010, ECF No. 64.

Gayle and Laurent asserted that they were legal permanent residents, *see* ECF Nos. 33, 64, but the motions filed by McKenzie and Clarke did not specify whether either inmate was a non U.S.-citizen or a legal permanent resident, *see* ECF Nos. 34, 48. In all other respects, the "Motions to Join" are substantively similar to the "Motions to Intervene" in that the movant sought to be added to this action and claimed to raise "the same issues of facts and law that is [sic] common to, and brought forth by the Lead Plaintiffs in this action." *See* ECF Nos. 33-34, 48, 64.

## ARGUMENT

Non-parties cannot seek to be added as plaintiffs to an action by invoking Rule 20, which provides for the permissive joinder of parties in one action. Even if the pending motions to intervene and motions to join under Rule 20 were construed as requests for permissive intervention under Rule 24, the 48 putative intervenors cannot establish that permissive joinder is appropriate in this case. Moreover, permitting intervention would result in undue delay and prejudice. Consequently, whether the motions arise under Rule 20 or Rule 24, they should be denied.

## I.   NON-PARTIES CANNOT INVOKE RULE 20 TO JOIN OR INTERVENE IN AN ACTION

Rule 20 provides that "[p]ersons may join together in one action as plaintiffs if they assert a right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any questions of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). Thus, "Rule 20(a) allows parties to join in one action if the plaintiffs' claims (1) arise out of the same transaction or occurrence or series of transactions or occurrences; and (2) involve a common question of law or fact." *Byrd v. District of Columbia*, No. 1:06-cv-00522 (RCL), 2011 WL 3583243, at *30 (D.D.C. Aug. 24, 2011) (citing Fed. R. Civ. P. 20(a); *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008)); *see also Lover v. District of Columbia*, 248 F.R.D. 319 (D.D.C. 2008) (considering motion to amend to add additional parties and noting that "[i]f a proposed amendment would add additional parties to the litigation, the Court must also consider Federal Rule of Civil Procedure 20, which governs permissive joinder").

The rule does not, however, allow for joinder of non-parties, whose only recourse is, in appropriate circumstances, to seek to intervene pursuant to Rule 24. *See Richard & Sheila J.*

*McKnight 2000 Family Trust v. Barkett*, No. 2:10-cv-01617-RCJ, 2011 WL 3159137, at *9 (D. Nev. July 26, 2011) (noting that the appropriate rule for groups seeking to intervene in an action is Rule 24, not Rule 20(a)); 4 *Moore's Federal Practice* § 20.02[2][c] (Matthew Bender 3d ed.). Accordingly, because courts do not permit non-parties to inject themselves into a particular action simply by invoking Rule 20, the Court should deny the forty-eight pending motions to intervene under Rule 20 and the motions to join under Rule 20. *See Thompson v. Boggs*, 33 F.3d 847, 858 n.10 (7th Cir. 1994) (noting that "plaintiff has failed to direct us to any case, nor have we been able to locate any case, in which a court granted a motion to join made by a non-party to the lawsuit" and observing that the "proper course of action would be a motion to intervene under Fed. R. Civ. P. 24").

## II.   THE COURT SHOULD DENY INTERVENTION UNDER RULE 24

Even if the motions were construed liberally as motions to intervene pursuant to Rule 24, the 48 putative intervenors have not met the minimal requirements to justify their participation in this case.   Rule 24 provides for intervention of right and permissive intervention, neither of which is justified in this case. *See* Fed. R. Civ. P. 24(a) & (b).

Intervention as of right turns on the following four factors: "(1) the timeliness of the motion; (2) whether the applicant 'claims an interest relating to the property or transaction which is the subject of the action'; (3) whether 'the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest'; and (4) whether 'the applicant's interest is adequately represented by existing parties.'"   Fed. R. Civ. P. 24(a)(2); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998)).   The movants bear the burden of demonstrating that the plaintiffs will inadequately represent their interests. *See Aref v.*

*Holder*, 774 F. Supp. 2d 147, 172 (D.D.C. 2011) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).  None of the putative intervenors has stated that a resolution of this action would impair his ability to protect his interest or that the existing plaintiffs do not adequately represent that interest.  *See id.* at 171-72.  Indeed, the movants asserted that they would be raising "the same issues of facts and law that is [sic] common to, and brought forth by the Lead Plaintiffs in this action."  *See* ECF Nos. 14-19, 22, 26, 33-34, 48, 64.  Accordingly, "because the applicants have not demonstrated that the plaintiffs will inadequately represent their interests," the Court should deny any intervention as of right.  *Aref*, 774 F. Supp. 2d at 172.

Additionally, to the extent the movants are deemed to seek permissive intervention under Rule 24(b)(1)(B), these motions must also be denied.  The Court has discretion to allow intervention for a movant who files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Here, the movants do not articulate any provision of federal law that they intend to invoke as a basis for subject matter jurisdiction, and simply state that they were subjected to the "same unconstitutional policies which is [sic] the subject of this action."  *See* ECF Nos. 14-19, 22, 26, 33-34, 48, 64.  They also assert in conclusory fashion that their claims "concern the same issues of facts and law that is common to, and brought forth by the Lead Plaintiffs."  *See* ECF Nos. 14-19, 22, 26, 33-34, 48, 64.  The Third Amended Complaint, however, pleads eleven separate counts, including a number of Privacy Act and FOIA claims that are specific to Patel.  For example, although Patel was incarcerated at Rivers in January 2009, the same facility where each movant is currently incarcerated, Patel was transferred in March 2010 to CI Big Spring, a low-security facility in Big Spring, Texas.  *See* TAC ¶¶ 107-108.  It is therefore not possible to discern how much of the Complaint the movants intend to incorporate by reference, or if they are

even aware of the allegations in the operative Third Amended Complaint.  Where a putative intervenor "has not even attempted to explain why this Court would have subject matter jurisdiction" over its claims, its motion to intervene will be denied.  *United States v. Morten*, 730 F. Supp. 2d 11, 16 (D.D.C. 2010).

Additionally, in exercising its discretion under Rule 24(b), the Court "'must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights,' Fed. R. Civ. P. 24(b)(3), and may also consider 'whether parties seeking intervention will significantly contribute to . . . the just and equitable adjudication of the legal question presented.'"  *Ctr. for Biological Diversity v. U.S. E.P.A.*, 274 F.R.D. 305, 313 (D.D.C. 2011) (quoting *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 18 (D.D.C. 2010)).  While intervention may avoid the expense and inconsistencies of multiple trials, these considerations may be outweighed by "proliferation and confusion, [causing] delay as parties and court expend resources trying to overcome the centrifugal forces springing from intervention, and prejudice will take the form not only of the extra cost but also of an increased risk of error."  *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997).  As of this filing, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment seeking dismissal of all claims raised in Plaintiffs' Third Amended Complaint has been fully briefed and is ripe for adjudication by the Court.  *See* ECF No. 68, 72, 76.  Granting intervention to 48 new plaintiffs would likely result in a significant delay, and could require substantial additional briefing.  Also, in the event this case were to survive Defendants' dispositive motion, the possibility of conducting discovery in a case involving no less than 50 plaintiffs, 48 of whom would be proceeding *pro se* and who may now reside in various federal prisons across the country or,

possibly, no longer incarcerated, is likely to be a very drawn-out, confused and expensive undertaking.

As a final matter, permitting 48 inmates to participate in this action as plaintiffs by means of Rule 24 intervention would essentially bypass the requirement that each inmate either pay the full filing fee for an action or secure *in forma pauperis* status. This would circumvent the goal of the Prison Litigation Reform Act ("PLRA") to limit the ability of a prisoner to secure *in forma pauperis* status where a prisoner is not in imminent danger of serious physical injury if the prisoner has filed at least three prior actions (including appeals) which were dismissed as frivolous, malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g); *Butler v. Dept. of Justice*, 492 F.3d 440, 442 (D.C. Cir. 2007) (holding that even absent statutory three dismissals for failure to state a claim court may deny *in forma pauperis* privilege to abusive litigant); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004) (recognizing that while a group of prisoners may join their claims in a single complaint, each prisoner plaintiff must pay a full filing fee for the action). Indeed, as courts have noted, "quite frequently prisoner litigants deliberately abuse the device of intervention in an attempt to avoid the strictures of the 'three-strikes' rule of 28 U.S.C. § 1915(g) through the simple expedient of intervening in pending cases, rather than bringing their own lawsuits." *Westefer v. Snyder*, Nos. 00-162-GPM, 00-708-GPM, 2011 WL 766188, at *4 (S.D. Ill. Feb. 25, 2011) (citing cases). The 48 prisoners seeking to intervene in this case should not be permitted to evade the purpose of the PLRA in this fashion.

## <u>CONCLUSION</u>

In sum, the 48 motions to intervene and motions to join are not properly brought under Rule 20, since a non-party cannot join an action under that rule. The motions are also without merit under Rule 24, given the movants' failure to meet their burden of establishing subject

matter jurisdiction, and the undue delay and prejudice that would likely ensue.   Accordingly,

Defendants respectfully request that the Court deny the Motions to Intervene Under Rule 20 and

the Motions to Join Under Rule 20.

Date:  September 7, 2011                     Respectfully submitted,

                                             RONALD C. MACHEN JR., D.C. Bar #447889
                                             United States Attorney
                                             for the District of Columbia

                                             RUDOLPH CONTRERAS, D.C. Bar #434122
                                             Chief, Civil Division

                                             By:   Michelle Lo_____
                                             MICHELLE LO
                                             Assistant United States Attorney
                                             Civil Division
                                             555 4th Street, N.W.
                                             Washington, D.C. 20530
                                             Tel: (202) 514-5134   Fax: (202) 514-8780
                                             Michelle.Lo2@usdoj.gov