**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| KAMAL K. PATEL, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-200 (RWR) |
| BUREAU OF PRISONS, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction.**

This case is before the Court on Plaintiffs' third amended complaint, *see* 3d Am. Class Compl., ECF No. 91, and Defendant's motion to dismiss or for summary judgment on that complaint, *see* Mot. to Dismiss or, in the Alternative, for Summ. J. on Pls.' 3d Am. Compl., ECF No. 68. That motion is fully briefed, but Plaintiffs have moved for leave to file a surreply. Pls.' Mot. and Mem. of L. in Supp. of Mot. for Leave to File a Surreply Opposing Defs.' Mot. to Dismiss and/or for Summ. J., ECF No. 77 [hereinafter Mot.]; *see* Mot. Ex. A, ECF No. 77-2 [hereinafter Proposed Surreply]. The motion for leave to file a surreply will be granted in part and denied in part because although Defendants have presented some new matters in their reply and a declaration submitted with that reply, to which Plaintiffs should be afforded an opportunity to respond, Plaintiffs' proposed surreply goes beyond those matters.

**II.     Legal Standard.**

"[T]here is no automatic right to file a surreply to be found in the Federal Rules of Civil Procedure or the Local Rules of this Court." *Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 9 (D.D.C. 2009). Therefore, if a party wishes to file a surreply, the party must seek leave of Court

to do so. *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Leave will be granted only where "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Id.*; *see also Baloch v. Norton*, 517 F. Supp. 2d 345, 349 (D.D.C. 2007) (noting that a court's proper response to arguments made for the first time in a reply is to "either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply").

**III.    Analysis.**

    **A.    Leave to File a Surreply Concerning the APA Claims (Counts One, Two, Three, Four, and Seven) and the RFRA Claim (Count Five) Will Be Denied.**

In Counts One, Two, Three, Four, and Seven, Plaintiffs allege various violations of the Administrative Procedure Act (APA); in Count Five, Plaintiffs allege a violation of the Religious Freedom Restoration Act (RFRA). 3d Am. Class Compl. ¶¶ 163–200, 208–14. Plaintiffs argue that leave to file a surreply concerning these claims should be granted because Defendants' reply relies on newly identified case law to which Plaintiffs have not had "a fair opportunity to respond." Mot. at 1; *see* Proposed Surreply at 1–4. Defendants retort that their "reliance upon additional cases for the propositions that they presented in the opening brief hardly constitutes 'new' matters to which Plaintiffs have not had a fair opportunity to respond." Defs.' Mem. in Resp. to Pls.' Mot. for Leave to File Surreply Opposing Defs.' Mot. to Dismiss and/or for Summ. J. at 2, ECF No. 79 [hereinafter Opp'n].

The Defendants have the better argument. The matters for which surreplies are permitted are factual assertions or legal arguments not previously made, not citations to statutes or cases that merely support previously made arguments. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (expressing skepticism as to whether the introduction of statutory or case law "can ever be 'new matter' so as to permit the

filing of a surreply"). Defendants' new citation to cases supporting its previously made arguments concerning Plaintiff's APA and RFRA claims therefore do not require an opportunity to file a surreply.

> **B. Leave to File a Surreply Concerning the Privacy Act Claim (Count Eight) Will Be Granted in Part and Denied in Part.**

In Count Eight, Plaintiffs allege that the Federal Bureau of Prisons (BOP) has refused to amend Plaintiff Kamal Patel's records in violation of the Privacy Act. 3d Am. Class Compl. ¶¶ 215–26. Defendants make two arguments in their dispositive motion concerning that claim: that it is barred by the doctrine of *res judicata* and that it is barred by the applicable statute of limitations. Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. on Pls.' 3d Am. Compl. at 28–31, ECF No. 68-1 [hereinafter Dispositive Mot. Mem.]. Plaintiffs seek leave to file a surreply concerning both arguments. *See* Proposed Surreply at 4–6. Leave will be granted only as to the statute of limitations argument.

Concerning *res judicata*, Plaintiffs seek to assert in their surreply that "the Tenth Circuit recently foreclosed Defendants' *res judicata* argument" in an appeal of a previous dismissal of a case brought by Mr. Patel in the Western District of Oklahoma. *Id.* at 6 (citing *Patel v. United States*, 399 F. App'x 355, 360–61 (10th Cir. 2010)); *see Patel v. United States*, No. 08-cv-1168-D, 2009 WL 1377530 (W.D. Okla. May 14, 2009). Plaintiffs assert that they should be permitted to file their surreply "to address Defendants' continued misinterpretation of the previous dismissal for failure to exhaust administrative remedies." Mot. at 1–2. Defendants retort that this portion of the proposed surreply "is a contrivance by Plaintiffs to now argue" a point that was not raised in response to anything new in Defendants' reply and that "could have been addressed" in Plaintiff's opposition, which was filed after the Tenth Circuit case was decided. Opp'n at 3.

Although Plaintiffs' citation to the Tenth Circuit case in their proposed surreply does respond to Defendants' arguments made in their reply concerning a decision in the Western District of Oklahoma involving Mr. Patel, *see* Reply Mem. in Further Supp. of Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. on Pls.' 3d Am. Compl. at 13, ECF No. 76 [hereinafter Dispositive Mot. Reply] (citing *Patel*, 2009 WL 1377530, at *5), Defendants also made that argument in their original dispositive motion papers, *see* Dispositive Mot. Mem. at 29–30 (citing *Patel*, 2009 WL 1377530, at *4–5).  Therefore, because the proposed surreply does not respond to any new matter raised in Defendants' reply, but instead appears to be an attempt to have a second opportunity to make a point that Plaintiffs simply neglected to make before, leave to file the surreply will be not be granted as to the issue of *res judicata* and the Tenth Circuit case.

Concerning the statute of limitations, Plaintiffs contend that "Defendants' opening brief relied upon an incorrect legal standard" but that Defendants "argue under the correct standard for the first time in their reply," to which Plaintiffs should have an opportunity to respond.  Mot. at 1; *see* Proposed Surreply at 4–6.  In the brief accompanying their dispositive motion, Defendants seem to assert that the cause of action accrued when Mr. Patel learned that his records improperly contained information describing how he exercised his First Amendment rights.  Dispositive Mot. Mem. at 30–31.  Plaintiffs pointed out in their opposition that Mr. Patel's claim accrued "when his request to have his records amended was denied, not" when he discovered the impropriety with his records.  Pls.' Opp'n to Defs.' Mot. to Dismiss and/or Mot. for Summ. J. at 33, ECF No. 72 [hereinafter Dispositive Mot. Opp'n].  Defendants noted in reply that Plaintiffs were correct, but proceeded to argue that Mr. Patel knew by February 2006 that his request to have his records corrected had been denied.  Reply Mem. in Further Supp. of Defs.' Mot. to

Dismiss or, in the Alternative, for Summ. J. on Pls.' 3d Am. Compl. at 14, ECF No. 76 [hereinafter Dispositive Mot. Reply].  Defendants oppose the proposed surreply because they claim to have been merely "responding directly to an argument made in Plaintiffs' opposition" with their reply.  Opp'n at 3.  That may be, but in so doing, they made a new argument for the first time concerning the month and year by which Mr. Patel knew that his request to have his records corrected had been denied.  Therefore, Plaintiffs will be permitted to address that new argument in a surreply.

> B.  **Leave to File a Surreply Concerning the FOIA Claims (Counts Nine, Ten, and Eleven) Will Be Granted in Part and Denied in Part.**

In Count Nine, Plaintiffs challenge BOP's responses to several FOIA requests made by Mr. Patel concerning alleged mistreatment at Mr. Patel's prison facility and the investigation of such mistreatment by the Office of the Inspector General (OIG).  3d Am. Class Compl. ¶¶ 227–33.  Plaintiffs assert that they should be permitted to file a surreply to "correct the record regarding Defendants' assertion in reply that certain [of those] FOIA requests are not 'at issue' in this litigation."  Mot. at 2.  Defendants retort that the proposed surreply is but a thinly veiled attempt to "rehash[] prior arguments regarding the FOIA request in Count 9, on which Defendants neither raised any new matters [in] nor submitted any supplemental declarations" with their reply.  Opp'n at 4.

Defendants do argue in their reply that "the BOP does not believe that" two of the FOIA requests pled under Count Nine are "at issue in this litigation."  Dispositive Mot. Reply at 18 n.8.  Although Defendants asserted in their original motions papers that "[u]pon review of its FOIA database, BOP did not locate" those two FOIA requests, Dispositive Mot. Mem. at 10, they did not assert that those requests were simply not at issue in this case until their reply.  Plaintiffs will therefore be given an opportunity to respond to that new argument.  However, in the portion of

their proposed surreply concerning Count Nine, Plaintiffs brief more than whether certain FOIA requests are at issue. *See* Proposed Surreply at 7–8. Plaintiffs make no argument in their motion as to why this additional briefing should be permitted. *See* Mot. Such additional briefing will therefore not be permitted.

In Count Ten, Plaintiffs challenge BOP's responses to several FOIA requests made by Mr. Patel concerning his transfers among prison facilities. 3d Am. Class Compl. ¶¶ 234–41. Plaintiffs assert that they should be permitted to file a surreply to address a "new declaration[]" filed by Defendants "with their reply brief containing facts that Plaintiffs had no opportunity to address" concerning Count Ten. Mot. at 1. A declaration asserting new facts is a new matter for which a surreply may be permitted. *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C.1998). Defendants did file a supplemental declaration of Lynnell Cox, which concerns Count Ten, with their reply. *See* Supplemental Decl. of Lynnell Cox, ECF No. 76-1. Defendants admit that Ms. Cox asserts new facts in her supplemental declaration—"that the BOP had . . . released 525 pages of documents in response to the FOIA request at issue in Count 10"—but retort that "Plaintiffs devote scant attention to the BOP's release of the 525 pages, other than to agree that the BOP's production contained the documents that [Mr.] Patel sought in connection with Count 10 and to reserve rights regarding attorneys' fees." Opp'n at 4. Scant though Plaintiffs' proposed surreply may be concerning Count Ten, it is a response to newly presented material and will therefore be permitted.

In Count Eleven, Plaintiffs challenge BOP's response to a FOIA request made by Mr. Patel concerning a protection hearing held while he was imprisoned. 3d Am. Class Compl. ¶¶ 242–44. Plaintiffs assert that they should be permitted to file a surreply to address a separate "new declaration[]" filed by Defendants "with their reply brief containing facts that Plaintiffs

had no opportunity to address" concerning Count Eleven. Mot. at 1. Defendants did file a supplemental declaration of Vanessa Herbin-Smith, which concerns Count Eleven, with their reply. *See* Supplemental Decl. of Vanessa Herbin-Smith, ECF No. 76-2 [hereinafter Herbin-Smith Supplemental Decl.]. However, Defendants retort that Ms. Herbin-Smith's declaration presented no new matters, but "merely clarified and reiterated the witness's prior testimony" filed with Defendants' dispositive motion "regarding the BOP's response to the FOIA request in Count 11." Opp'n at 4. A comparison of Ms. Herbin-Smith's two declarations shows that no new matters have been raised in the supplemental declaration. *Compare* Decl. of Vanessa Herbin-Smith, ECF No. 68-5, *with* Herbin-Smith Supplemental Decl. There is therefore no new matter raised in the newly filed declaration concerning Count Eleven to which Plaintiffs need to file a surreply.

Plaintiffs also argue that they need to file a surreply to "alert the Court to a Supreme Court decision issued subsequent to the filing of the parties' briefs that rejects one of the FOIA exemptions relied upon by Defendants in withholding documents" sought under Count Eleven. Mot. at 2. As Defendants correctly point out, Opp'n at 4 n.3, the proper means of alerting the Court to new decisions is filing a notice of supplemental authority, not a surreply. *See Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 10 (D.D.C. 2011) (noting that "[c]ourts . . . have the discretion to determine whether parties are allowed to supplement the record of a case" and exercising that discretion to consider notices of supplemental authority). Defendants have filed such a notice alerting the Court to the case to which Plaintiffs seek to alert the Court with their proposed surreply. *See* Notice of Supplemental Auth., ECF No. 81 (citing *Milner v. Dep't of the Navy*, 131 S. Ct. 1259 (2011)). A surreply concerning that case is therefore unnecessary.

**IV.     Conclusion and Order.**

       For the reasons discussed above, the motion for leave to file a surreply will be granted in part and denied in part.  Plaintiffs will be permitted to file a surreply addressing only Defendants' statute-of-limitations argument concerning Count Eight that was newly presented in their reply, Defendants' argument concerning Count Nine that was newly presented in their reply, Defendants' argument concerning Count Ten that was newly presented in their reply, and facts concerning Count Ten that were newly presented in Ms. Cox's supplemental declaration.  Because the proposed surreply that Plaintiffs filed with their motion for leave goes beyond those limitations, it may not be filed in its current form.  Instead, the Court will give Plaintiffs an opportunity to file a surreply conforming to those limitations.  By way of example, the Court notes that the only portions of the currently proposed surreply that would comply with those limitations are paragraphs one through three of part III, paragraph four of Part IV.A., and all of part IV.B.  *See* Proposed Surreply at 4–6, 8–9.

       Accordingly, it is hereby

       **ORDERED** that Plaintiffs' Motion and Memorandum of Law in Support of Motion for Leave to File a Surreply Opposing Defendants' Motion to Dismiss and/or for Summary Judgment, ECF No. 77, is **GRANTED in part and DENIED in part**; it is

       **FURTHER ORDERED** that Plaintiffs may file a surreply in which they address only (1) Defendants' statute of limitations argument concerning Count Eight that was newly presented in the Reply Memorandum in Further Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment on Plaintiffs' Third Amended Complaint, ECF No. 76; (2) Defendants' argument concerning Count Nine that was newly presented in the Reply Memorandum in Further Support of Defendants' Motion to Dismiss or, in the Alternative, for

Summary Judgment on Plaintiffs' Third Amended Complaint, ECF No. 76; (3) Defendants' argument concerning Count Ten that was newly presented in the Reply Memorandum in Further Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment on Plaintiffs' Third Amended Complaint, ECF No. 76; and (4) facts concerning Count Ten that were newly presented in the Supplemental Declaration of Lynnell Cox, ECF No. 76-1; and it is

**FURTHER ORDERED** that Plaintiffs shall have until December 12, 2011 to file a proper surreply.

**SO ORDERED** this 28th day of November, 2011.

/s/
RICHARD W. ROBERTS
United States District Judge