UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **KAMAL K. PATEL, et al.,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **BUREAU OF PRISONS, et al.,** ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 09-00200-RWR <br> ECF |

**PLAINTIFFS' SURREPLY OPPOSING
DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

In accordance with this Court's November 28, 2011 Order, Plaintiffs file this Surreply to address new matters presented by Defendants in their reply brief in support of their Motion to Dismiss or, in the Alternative, for Summary Judgment.

**I.    Privacy Act Claim (Count Eight)**

Defendants' opening brief relied upon an incorrect rule of law in arguing that Mr. Patel's Privacy Act claim is untimely. *See* Opp. at 33–34; Reply at 13 (admitting "Plaintiffs correctly state" the accrual rule for Mr. Patel's claim). In reply, Defendants rely upon new authorities, *see* Reply at 13 (citing *Englerius v. Veterans Admin.*, 837 F.2d 895, 897 (9th Cir. 1988) and *Tijerina v. Walters*, 821 F.2d 789 (D.C. Cir. 1987)), to argue that Mr. Patel's claim is nevertheless barred under the correct accrual rule, which they failed to address in their opening brief. But Defendants have failed to present evidence establishing untimeliness of Count Eight, and dismissal is appropriate "only if the complaint on its face is conclusively time-barred," *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). That clearly is not the case here.

A Privacy Act claim accrues when the right to resort to court is perfected. *See Blazy v. Tenet*, 979 F. Supp. 10, 18 (D.D.C. 1997). An amendment claim under subsection (g)(1)(A) of

the Privacy Act requires that an agency make a determination under subsection (d)(3) not to amend in accordance with an individual's request.  *See* 5 U.S.C. § 552a(g)(1)(A).  Subsection (d)(3) in turn requires agencies to:  (1) permit individuals who disagree with the agency's initial refusal to appeal to a reviewing official; and if the appeal is denied, (2) permit the individual to file with the agency a concise statement of disagreement; and (3) notify the individual of the provision for judicial review under subsection (g)(1)(A) of the reviewing official's determination under subsection (d)(3).  *See* 5 U.S.C. § 552a(d)(3).  Defendants' own authority makes clear that their failure to submit evidence that these prerequisites were satisfied more than two years before the filing of Count Eight renders timeliness a factual matter that cannot be decided at this stage of the proceedings.  *See Englerius v. Veterans Admin.*, 837 F.2d 895, 897 (9th Cir. 1988).[1]

In place of evidence, Defendants assert, without citation, that Mr. Patel "admit[s] that he was aware of the BOP's denial of his request to amend in 2006."  Reply at 13.  To be clear, Mr. Patel does not admit that his claim accrued more than two years before it was filed on September 1, 2009.  Defendants' unsupported assertion apparently relates to earlier litigation in which Mr. Patel attempted to pursue a related claim in the Eastern District of Arkansas (and sought reconsideration after the case was transferred to the Western District of Oklahoma).  But BOP avoided judicial review on the merits in that case by successfully arguing the opposite of what they assert here; i.e., that Mr. Patel's resort to court was premature because he had failed to exhaust administrative remedies.[2]  BOP cannot now prevail on the opposite theory—that Mr.

---

[1] Defendants' other authority does not support them because it does not involve an amendment claim under subsection (g)(1)(A).  *See Tijerina v. Walters*, 821 F.2d 789, 795 (D.C. Cir. 1987).

[2] *See Patel v. United States*, No. 08-1168-D, 2009 WL 1377530, at *4 (W.D. Okla. May 14, 2009) ("Plaintiff asks the Court to revisit an order entered February 9, 2006, in the Eastern District of Arkansas [Doc. No. 101-71] that . . . dismissed [Mr. Patel's] Privacy Act claim without prejudice for lack of administrative exhaustion."), *aff'd* 399 F. App'x 355 (10th Cir. 2010), *cert. denied*, --- S. Ct. ---, 2011 WL 334206 (U.S. Mar. 28, 2011).

Patel's claim accrued sooner because his right to resort to court was perfected in connection with the earlier litigation. *See Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 798 (D.C. Cir. 2010) (explaining that courts may invoke judicial estoppel where a party assumes a certain position in a legal proceeding, succeeds in maintaining that position, and assumes a contrary position in subsequent litigation); *County of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 73 (D.D.C. 2008) (applying judicial estoppel against the government). Because BOP prevailed in its earlier position, Mr. Patel proceeded to exhaust the administrative process in May 2009, *see* Plumley Decl. ¶ 4 (Dkt. 68-7), well within two years of filing his claim here. BOP seeks to deny Mr. Patel of *any* judicial review, first by arguing that his suit was premature and then by arguing that it was not. This is contrary to the intent of Congress in creating this Privacy Act remedy.[3]

## II.    FOIA Claims

### A.    Count Nine—Documents Relating to Mistreatment at Big Spring and the OIG Investigation of Such Misconduct

Defendants argue (Reply at 18 n.8) that they need not provide a *Vaughn* Index for three redacted pages produced in response to Mr. Patel's requests to the BOP because "Patel's March 24, 2005 FOIA request [sic] to the BOP" is not "at issue" in this litigation.[4] But these requests are clearly at issue. *See* TAC ¶¶ 231, 232 (identifying requests dated February 14, 2005 and March 5, 2005, and BOP's response dated March 24, 2005). Defendants' failure to provide a *Vaughn* Index requires denial of summary judgment as to this issue as well.

---

[3] Mr. Patel has not "goaded" Defendants to maintain his claim in perpetuity. Reply at 14 n.6. If anything, the shoe is on the other foot. It is BOP's argument that he failed to exhaust in the prior proceedings that has delayed consideration of the merits of Mr. Patel's claim.

[4] Defendants mistakenly refer to the March 24, 2005 *response* to Mr. Patel's requests of February 14, 2005 and March 5, 2005. *See* Ex. G to Moorer Decl. (Letter from DOJ to Mr. Patel (Mar. 24, 2005)) (Dkt. 68-6).

### B. Count Ten—Requests for Medical Records and Medical Transfer Documents

After sending Mr. Patel bouncing between local prison officials and BOP offices, and nearly two further years delay in providing records pertinent to Count Ten, *see* Opp. at 40, BOP now states that it released 525 pages of responsive documents to Mr. Patel nearly simultaneously with the filing of its reply brief.[5] *See* Reply at 19. This belated production contained the documents Mr. Patel sought in connection with Count 10, and he reserves the right to seek attorneys' fees at the appropriate time.[6]

                                          Respectfully submitted,

                                          WILLIAMS & CONNOLLY LLP

November 29, 2011                   By:   /s/ Embry J. Kidd
                                          Thomas G. Hentoff (D.C. Bar No. 438394)
                                          F. Greg Bowman (D.C. Bar No. 486097)
                                          Embry J. Kidd (D.C. Bar No. 989586)
                                          Mary Beth Hickcox-Howard (D.C. Bar No. 1001313)
                                          725 Twelfth Street, N.W.
                                          Washington, D.C. 20005
                                          (202) 434-5000
                                          *Attorneys for Plaintiffs*

---

[5] BOP mailed the documents to an incorrect address. *See* Supp. Decl. of Lynell Cox Ex. 1 (corresponding with Mr. Patel in Oklahoma rather than Big Spring, Texas). After consulting with Defendants' counsel, Mr. Patel's attorneys received the documents on March 22, 2011.

[6] The record supports that Mr. Patel "substantially prevailed" on Counts Ten and Eleven based upon BOP's "voluntary or unilateral change in position," 5 U.S.C. § 552(a)(4)(E)(ii), and therefore is entitled to reasonable attorneys' fees and litigation costs in connection with litigation of those claims. *See id*. §552(a)(4)(E)(i); *Summers v. Dep't of Justice*, 569 F.3d 500, 503 (D.C. Cir. 2009) ("As part of the OPEN Government Act of 2007, the Congress amended the FOIA to incorporate the catalyst theory."); *Judicial Watch, Inc. v. Bureau of Land Mgmt.*, 562 F. Supp. 2d 159, 174 (D.D.C. 2008) ("[D]efendant's persistent delays in responding are all the more unreasonable in view of the revised FOIA statute."), *rev'd on other grounds*, 610 F.3d 747 (D.C. Cir. 2010) (district court improperly applied OPEN Government Act retroactively).